IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAKISHA SHORT, | : | |
| Petitioner, | : | |
| v. | : | C.A. No. 13-1889-LPS |
| WENDI CAPLE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

## MEMORANDUM

### I. BACKGROUND

Presently pending before the Court is Petitioner Lakisha Short's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3) In 2004, Petitioner was convicted of first degree robbery, possession of a firearm during the commission of a felony, and aggravated menacing. The Superior Court declared Petitioner an habitual offender with respect to her conviction for first degree robbery and sentenced her to a total of sixty years incarceration at Level V, suspended after fifty-five years for one year of supervision at Level III. *See Short v. Ryan*, 2006 WL 3858462, at *1 (D. Del. Dec. 29, 2006).

The instant Petition asserts five grounds for relief: (1) Petitioner was improperly declared a habitual offender and her sentence was enhanced using constitutionally invalid predicate offenses; (2) Petitioner's sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment because her criminal history does not warrant such a long sentence; (3) Petitioner's right to be protected against Double Jeopardy has been violated with respect to Counts Three and Four of the Indictment; (4) counsel provided ineffective assistance of counsel during trial; and (5) the State violated Petitioner's due process rights by misrepresenting facts and information about

her prior criminal history. (D.I. 3)

Petitioner has already requested, and has been denied, habeas relief with respect to the same 2004 convictions and sentence on one prior occasion, when the Honorable Joseph J. Farnan, Jr. dismissed her first petition as procedurally barred. *See Short*, 2006 WL 3858462, at *2.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in the prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The dismissal of Petitioner's first § 2254 petition as procedurally barred constitutes an adjudication on the merits. *See Brooks v. Phelps*, 2011 WL 666863, at *1 (D. Del. Feb. 14, 2011). Petitioner either asserted, or could have asserted, the instant five claims in her first petition. Therefore, the Court concludes that the instant Petition constitutes a second or successive habeas application within the meaning of 28 U.S.C. § 2244.

Petitioner does not allege, and there is no reason to conclude, that the Third Circuit Court of Appeals authorized the filing of the pending Petition. Accordingly, the Court will dismiss the Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United

2

States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. MOTIONS

During the pendency of this proceeding, Petitioner filed a Motion to Appoint Counsel. (D.I. 5) Having concluded that it lacks jurisdiction over the instant proceeding, the Court will deny Petitioner's Motion to Appoint Counsel as moot.

## V. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: August 12, 2014

_____
UNITED STATES DISTRICT JUDGE

3